UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUCKSON DORT,

          Plaintiff,

vs.                                    Case No. 2:06-cv-1-FtM-29SPC

DEPINTO PLASTERING, INC.; VITO DEPINTO,

          Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Dispositive Motion for Summary Judgment (Doc. #25-1), filed on September 1, 2006. On September 5, 2006, a Summary Judgment Notice (Doc. #27) was issued notifying plaintiff that if such a motion were granted, it would be dispositive to the case. On September 6, 2006, the Court entered an Order (Doc. #28) directing the Clerk to add plaintiff's address[1] to the docket, as counsel was permitted to withdraw, and to provide plaintiff a copy of the Order and Notice. No appearance by new counsel or *pro se* response by plaintiff has been filed and this matter is now ripe for consideration.

---

[1]The Court notes that plaintiff's address was determined from defendants' Certificate of Service (Doc. #25, p. 3) and that defendants' Notice of Status of Mediation (Doc. #29-1) indicates that plaintiff was arrested for domestic violence thereby providing the address.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000), cert. denied, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence the non-moving party's evidence is to be believed and

all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

On January 3, 2006, plaintiff filed a Complaint (Doc. #1) seeking recovery of overtime compensation under the Fair Labor Standards Act (FLSA). As alleged in the Complaint, plaintiff worked as a laborer in Collier County, Florida, for Depinto Plastering, Inc. (Depinto Plastering), a Florida corporation, and Vito Depinto individually (Mr. Depinto), who purportedly owns and operates Depinto Plastering. Plaintiff filed the case on behalf of himself and others similarly situated[2] arguing that employees who worked in excess of 40 hours during one or more work weeks on or after January 2003 did not receive overtime compensation. (Doc. #1, ¶ 6.) All records of actual hours worked are in the possession and custody of defendants, which allegation is admitted by defendants. (Id. at ¶ 12; Answer, Doc. #16.)

Defendants argue that it is undisputed that the only dates plaintiff worked for Depinto Plastering after January 2003 were between June 6, 2005, and September 30, 2005. In support, defendants have attached the Daily Time Sheets for that period of time demonstrating where plaintiff signed as to the number of hours

---

[2]The Court notes that class certification has not been granted in this case. Therefore, the Court will only consider the arguments as to the named plaintiff.

worked; as well as the weekly calculations reflecting that Mr. Dort never worked more than 40 hours a week. (See Doc. #25, Exhs. A-B.) Defendant Mr. DePinto has also provided an Affidavit (Doc. #26) reiterating the same.

### III.

Plaintiff has not contested the facts as presented by defendants, and even if all allegations are taken in a light most favorable to plaintiff, it is clear that no genuine issue of fact exists to prevent the entry of summary judgment. The Court finds, with no affidavits, admissions, or other evidence to the contrary, that summary judgment should be granted in defendants' favor.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendants' Dispositive Motion for Summary Judgment (Doc. #25-1) is **GRANTED.** The Clerk shall enter judgment in favor of defendants and against plaintiff accordingly. The Clerk is further directed to terminate all pending deadlines as moot and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of October, 2006.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Plaintiff
DCCD